**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Antonio SANCHEZ, Defendant-
Appellant.**

No. 15-50550

United States Court of Appeals,
Ninth Circuit.

Submitted January 18, 2017 *

Filed January 24, 2017

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Jean-Claude Andre, Assistant U.S. Attorney, Robyn Kali Bacon, Assistant U.S. Attorney, Lindsey Greer Dotson, Ann C. Kim, Assistant U.S. Attorney, DOJ—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff-Appellee

Michael Raymond Belter, Esquire, Attorney, Law Office of Michael R. Belter, Pasadena, CA, for Defendant-Appellant

Before: TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

MEMORANDUM [**]

Antonio Sanchez appeals from the district court's judgment and challenges the 180-month sentence imposed following his guilty-plea conviction for conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846; distribution and possession with intent to distribute methamphetamine, aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and 18 U.S.C. § 2(a); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Sanchez contends that the district court erred by failing to consider evidence of derivative entrapment and its resulting sentencing entrapment as a mitigating factor to forego imposition of the five-year sentence for his section 924(c) conviction. We disagree. Sanchez's guilty plea waived any entrapment defense to his conviction. *See United States v. Lopez–Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005). Further, having suffered that conviction, Sanchez

was subject to its mandatory five-year consecutive sentence, and the district court had no authority to depart below it. *See* 18 U.S.C. § 924(c)(1)(A)(i); *United States v. Wipf*, 620 F.3d 1168, 1170–71 (9th Cir. 2010) (substantial assistance and safety valve are the only grounds for imposing a sentence below a mandatory minimum).

**AFFIRMED.**